1    Stephen M. Lobbin (SBN 181195)
     sml@smlavvocati.com
2    Joshua N. Osborn (SBN 317435)
     jno@smlavvocati.com
3    Adrian R. Lyons (SBN 346075)
     arl@smlavvocati.com
4    **SML AVVOCTI P.C.**
     888 Prospect Street, Suite 200
5    San Diego, California 92037
     Tel: 949.636.1391
6
     Attorneys for Plaintiff
7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11

12   **Pocket Socks, Inc.**, a California          Case No. **'24CV1076 JLS   AHG**
     corporation,
13
                        Plaintiff,
14                                                 **COMPLAINT FOR TRADEMARK
                  v.                               INFRINGEMENT, TRADE DRESS
15                                                 INFRINGEMENT AND UNFAIR
     **Louis Vuitton Malletier**, a foreign        COMPETITION**
16   company, **Louis Vuitton North
     America, Inc.**, a Delaware corporation,
17   and **Pharrell Williams**, an individual,
                                                   **DEMAND FOR JURY TRIAL**
18                      Defendant.

19

20        For its Complaint, Plaintiff Pocket Socks, Inc. ("Pocket Socks") hereby
21   alleges as follows:

22                    **JURISDICTION AND VENUE**

23        1.    This Court has subject matter jurisdiction including under 28 U.S.C. §§
24   1331 (federal question), 1338(a) (patents) and 1367 because this is a civil action for
25   patent, trademark and trade dress infringement arising under the federal laws of the
26   United States.

27

28

                                                          COMPLAINT
                                                          Case No. _____

2.     This Court has personal jurisdiction over Defendants because each has committed its unlawful acts alleged herein in California and in this District, and each Defendant regularly conducts business in this District and/or engages in continuous and systematic activities in this District.

3.     Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## PARTIES

4.     Plaintiff Pocket Socks is a California corporation having its principal place of business in Carlsbad, California.

5.     Upon information and belief, Defendant Louis Vuitton Malletier ("LVM") is a foreign business entity organized under the laws of the Republic of France with its principal place of business located at 2, rue du Pont-Neuf in Paris, France 75034.  LVM operates boutiques throughout the world, including within this District.  LVM is, in part, engaged in the business of manufacturing, marketing, and distributing throughout the world, including within this District, a variety of luxury goods including the accused infringing products.  LVM offers for sale and sells its goods in California including within this District, through its boutiques, and online retail website.

6.     Upon information and belief, Defendant Louis Vuitton North American, Inc. ("LVNA") is a Delaware corporation with its principal place of business at 1 East 57th Street, 10th Floor, New York, NY 10022.  LVNA operates boutiques throughout the world, including within this District.  LVNA is, in part, engaged in the business of marketing and distributing a variety of luxury goods including the accused infringing products.  LVNA offers for sale and sells its goods in California including within this District.

7.     Upon information and belief, Defendant Pharrell Williams is an individual residing in California who has committed the unlawful acts alleged herein in California and in this District.

COMPLAINT
Case No. _____

**BACKGROUND FACTS**

8.     As outlined on its official website <pocketsocks.com>, Pocket Socks is a distinctive brand originating from an incident involving its founder, Evan Papel. While traveling through Europe, Mr. Papel's money was stolen, prompting him to create ZIP IT GEAR as a travel security solution.  In 2012, Mr. Papel reestablished the brand under the name Pocket Socks.

9.     Following a significant investment in 2019, the Pocket Socks brand was substantially enhanced and it developed an exclusive line of socks that subsequently garnered national attention by being featured on ABC's *Good Moring America*.  *See* https://www.youtube.com/watch?v=OWFdlfQFlEM&t=53s (last visited June 3, 2024).  In November 2020, Pocket Socks and its products and brand acquired even more goodwill by partnering with ABC's *The View* and donating over 12,000 meals to <ItsAllAboutTheKids.org>.

10.     Pocket Socks has taken consistent steps and actions to protect and police its intellectual property rights, including stopping others from conflicting uses.  For example, on August 28, 2012, Pocket Socks was granted U.S. Trademark Registration No. 4,200,363 for POCKET SOCKS, a true and correct copy of which is attached herewith as **Exhibit A**.  On October 8, 2013, Pocket Socks was granted U.S. Trademark Registration No. 4,414,045 for POCKET SOCKS, a true and correct copy of which is attached herewith as **Exhibit B**.   On May 26, 2020, Pocket Socks was granted U.S. Trademark Registration 6,066,095 for its distinctive trade dress, a true and correct copy of which is attached herewith as **Exhibit C**.  On October 4, 2022, Pocket Socks was granted U.S. Design Patent No. D965,284 entitled "Sock With Zippered Pocket" ("the '284 patent"), a true and correct copy of which is attached herewith as **Exhibit D**.  Recently, U.S. Trademark Application Serial No. 98061511 for POCKET SOCKS was approved.

11.     All of these many years of diligence, effort and expense has been aimed at creating Pocket Socks' distinctive products and brand, principally the POCKET

COMPLAINT
Case No. _____

1  SOCKS name.  The Pocket Socks brand continues to grow and expand today, and

2  will expand into the future.

3       12.    Defendants have recently begun to produce, market and sell a product

4  using the same "Pocket Socks" name and brand, for a similar (although luxury-

5  priced) product.

6       13.    For example, on June 2023, in collaboration with Defendant Pharrell

7  Williams, Defendants began using, marketing, offering for sale, and selling Louis

8  Vuitton "Pocket Socks" at Paris Fashion Week, as shown below.  *See*

9  https://footwearnews.com/fashion/designers/louis-vuitton-pharrell-mens-spring-

10  summer-2024-collection-1203480505/ (last visited June 3, 2024).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



COMPLAINT

14.     Below is another image of the Louis Vuitton "Pocket Socks."  *See*
https://www.instagram.com/p/C2HyzW6rn2I/?utm_source=ig_web_button_share_s
heet (last visited June 3, 2024).



15.     Defendants advertise and sell their "Pocket Socks" on the Louis
Vuitton website (an image of which is below), and the product details state: "The
season's signature Pearl accent, engraved with LV Initials, adorns the Pocket Socks,
as stylish pair crafted from pure, comfortable cotton.  The heritage Damier pattern is
subtly knitted into the design of these wardrobe essentials offered in a neutral white
colourway to complement virtually any ensemble, whether casual or more dresses
up."  *See* https://us.louisvuitton.com/eng-us/products/pocket-socks-s00-

1  nvprod4920069v/M7355L?gad_source=1&gclid=Cj0KCQjw0_WyBhDMARIsAL1

2  Vz8vt4tTwFh_13Dy1uZBoXLbYQBX0V8GJ4eLejr7R5JS3KYkkq-

3  2Pf5UaAscXEALw_wcB&gclsrc=aw.ds (last visited June 3, 2024).



16.     Defendants' use of "Pocket Socks" appears in the same font and size as in Pocket Socks' U.S. Trademark Registration No. 4,414,045.

17.     On March 25, 2024, Plaintiff purchased Defendants' product at the Louis Vuitton store at 7007 Friar Road, San Diego, CA 92108, a true and correct image of which is attached herewith as **Exhibit E**.

18.     A receipt for an online purchase of Defendants' product—showing the "Pocket Socks" name—is attached herewith as **Exhibit F**.

19.     Recently, much attention and publicity has been generated for Louis Vuitton's "Pocket Socks," including Defendants, the press and consumers using the name "Pocket Socks" for their product which irreparably injures Pocket Socks'

COMPLAINT
Case No. _____

longstanding brand and trademark rights.  Attached herewith as **Exhibit G** are examples of this publicity.

20.     Defendants have been paying to advertise their "Pocket Socks" product using Pocket Socks' trademark as a search term, which further irreparably injures Pocket Socks' longstanding brand and trademark rights.  Attached herewith as **Exhibit H** is an example of Defendants' advertising using the trademark at issue.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement)

21.     Pocket Socks incorporates by this reference all of the allegations stated in the above paragraphs.

22.     Under 15 U.S.C. § 1114(1)(a) and § 1125(a), each Defendant is liable for infringement of Pocket Socks' trademarks, including the word mark POCKET SOCKS, because Defendants have, without consent, used in commerce the name POCKET SOCKS in connection with the sale, offering for sale, distribution and/or advertising of their associated products, which use is likely to cause confusion, or to cause mistake, or to deceive consumers of the parties' similar and competitive products.

23.     On information and belief, each Defendant has engaged in the infringing acts with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

## SECOND CLAIM FOR RELIEF
### (Trade Dress Infringement)

24.     Pocket Socks incorporates by this reference all of the allegations stated in the above paragraphs.

25.     Under 15 U.S.C. § 1114(1)(a) and § 1125(a), each Defendant is liable for infringement of Pocket Socks' trade dress in and to its POCKET SOCKS products because Defendants have, without consent, used in commerce a trade dress in connection with the sale, offering for sale, distribution and/or advertising of their

1  associated products, which use is likely to cause confusion, or to cause mistake, or

2  to deceive consumers of the parties' similar and competitive products.

3      26.    On information and belief, each Defendant has engaged in the

4  infringing acts with knowledge that such imitation is intended to be used to cause

5  confusion, or to cause mistake, or to deceive.

6                    **THIRD CLAIM FOR RELIEF**

7                        **(Unfair Competition)**

8      27.    Pocket Socks incorporates by this reference all of the allegations stated

9  in the above paragraphs.

10     28.    By its acts alleged herein, each Defendant has knowingly engaged in

11  unfair acts or practices and unfair methods of competition, including but not limited

12  to making misrepresentations about its products, and otherwise engaging in

13  deceptive trade practices and unlawful, unfair or fraudulent business acts or

14  practices, in violation of Cal. Bus. & Prof. Code § 17200.

15     29.    Each Defendant's unfair competition has resulted in and continues to

16  result in unjust enrichment, and each has committed its acts of unfair competition

17  willfully and maliciously to injure Pocket Socks' business and improve its own.

18     30.    Pocket Socks also has suffered and continues to suffer irreparable

19  injury, including damage to customer relationships because of each Defendant's

20  unfair competition.  Such irreparable injury cannot be remedied adequately unless

21  each Defendant is enjoined immediately from further unfair competition, and

22  commanded to rectify the status quo ante.

23                    **PRAYER FOR RELIEF**

24      Therefore, Plaintiff Pocket Socks prays for the following relief:

25      A.    A determination that each Defendants has infringed one or more of

26  Pocket Socks' trademarks;

27      B.    A determination that each Defendant has infringed Pocket Socks' trade

28  dress;

-8-                                    COMPLAINT
                                            Case No. _____

C.      A determination that each Defendant has engaged in unfair competition in violation of Cal. Bus. & Prof. Code § 17200;

D.      An accounting for damages adequate to compensate for Defendants' unlawful actions and/or unfair competition, including under 15 U.S.C. § 1117(a), and increased and/or treble damages;

E.      Equitable relief including a preliminary and permanent injunction prohibiting further unlawful actions;

F.      A determination that this is an exceptional case, and an award of costs, expenses and attorney fees to Pocket Socks;

G.      Pre-judgment and post-judgment interest on such monetary relief; and

H.      Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated:  June 20, 2024                    **SML AVVOCATI P.C.**

By:   /s/ Stephen M. Lobbin
                 Attorneys for Plaintiff

COMPLAINT
Case No. _____